CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 08 2022
JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

In the United States District Court
for the Western District of Virginia
Roanoke Division

7:22-cv-00390

Jacob Shouse, #1101441,
Plaintiff,

Jury trial Demanded

v.

Harold Clarke, David Robinson, Denise Malone, Rose Durbin, Eric Madsen, Amy Lovell, Haley Sheppard, M. Meyer, D. Davis, J. Carico, Mr. Coughron, Ms. Townsend, Everette McDuffie, S. Light, Joseph Stallard, Ms. Church, Mr. McCray
Defendants,

Civil Action Complaint

Parties

1) Plaintiff, Jacob Shouse #1101441, who is the pro se plaintiff in this case, currently confined at Virginia's Supermax Wallens Ridge State Prison (WRSP)

2) Defendant Clarke is the Director of the Virginia Department of Corrections (Vadoc), whose official functions and responsibilities within and as an agent of the Vadoc are characterized by his official title of office and are set out under Va. Code Title 53.1. He is being sued in his official and individual capacities

3) Defendant Robinson is the Vadoc Chief of Corrections operations, he is being sued in his official and individual capacities

4) Defendant Malone is the Vadoc Chief of Mental Health Services, she is being sued in her official and individual Capacities

5) Defendant Duncan is the Vadoc Americans with Disabilities Act (ADA) Supervisor, she is being sued in her official and individual capacities

6) Defendant Madsen is the Vadoc Psychology Associate Senior of Central Classification Services (Psych. Assoc. SR. CCS.), he is being sued in his official and individual capacities,

7) Defendant Lovell is the Vadoc Serious Mental Illness Coordinator, she is being sued in her official and individual capacities

8) Defendant Sheppard is A Vadoc Regional Mental Health Supervisor/associate, she is being sued in her official and individual capacities

9) Defendant Mayer is A Vadoc Regional Mental Health Clinical supervisor, he is being sued in his official and individual Capacities

10) Defendant Davis is the Vadoc Warden at WRSP and present custodian of Plaintiff, he is being sued in his official and individual capacities

11) Defendant Carico is the Vadoc Chief of Housing and Programs at WRSP, he is being sued in his official and individual capacities

12) Defendant Caughran is the Vadoc Operations Manager / ADA Coordinator at WRSP, he is being sued in his official and individual capacities

13) Defendant Townsend is the Vadoc Director of Nursing at WRSP, she is being sued in her official and individual capacities

14) Defendant McDuffie is the Vadoc Psychiatrist at WRSP, he is being sued in his official and individual capacities

15) Defendant Light is the Vadoc Psychology Associate Senior at WRSP, she is being sued in her official and individual capacities

16) Defendant Stallard is the Vadoc Unit Manager of A-building at WRSP housing plaintiff, he is being sued in his official and individual capacities

17) Defendant Church is the Vadoc Program Assignment Reviewer and Chief Counselor at WRSP, she is being sued in her official and individual capacities

18) Defendant McCray is A Vadoc Building (A) Lieutenant at WRSP housing plaintiff, he is being sued in his official and individual capacities

19) All Defendants herein have and continue to act under color of state law

## Jurisdiction

20) This court has jurisdiction over plaintiff's claims under 28 USC §1343

## Venue

21) Venue lies in this court under 28 USC §1391

## Preliminary Statement

### Charge and Introduction

22) This is a civil rights action filed by Jacob Shuler, [illegible], pro se plaintiff, for relief under Federal Disability Statutes (29 USC §794, Section 504 of the Rehabilitation Act); and (42 U.S.C. §12101 et seq. Americans with Disabilities Act) seeking Declaratory and injunctive relief

23) Plaintiff further brings separate claims for damages under 42 U.S.C. §1983 Eighth and Fourteenth Amendment Violations of the U.S. Constitution

24) Plaintiff has exhausted his administrative remedies to the extent prison officials have made available to him under the PLRA.

## Statement of facts

25) Attached hereto are 21 Exhibits plaintiff enters as part of this "facts" section to demonstrate facts to set forth his claims... "not" merely to support his exhaustion of admin. remedies. These 21 exhibits highlights certain defendant's personal involvement but not limited thereto.



Statement of Facts
(continued)

26.) In regards to this complaint relevant VADOC policies are (operating procedures) OP 803.1, Managing offenders with Disabilities and OP 841.2, Work programs; OP 830.3, Goodtime Awards and OP 730.3, Mental Health levels of Services, but not limited thereto.

27.) Plaintiff has been diagnosed as having several qualified disabilities of physical and mental impairment that substantially limits one or more major life activities, defendants refuse to put notice/signage on his cell door.

28.) Plaintiff's is legally blind, has Monovision, his left eye is (legally blind) with a visual acuity of 20/400 (the clinical determination of 20/200 is legal blindness). Plaintiff's right eye is "completely" blind diagnosed with Optic Atrophy, retina detachment and cataracts. see Exhibit 2 a/b

29.) Plaintiff also has a digestive disorder and requires an ostomy/colostomy prosthesis as a result from Twenty One (21) abdominal surgeries for 21 suicide attempts for ingesting metal foreign objects since 2004

30.) Plaintiff is also diagnosed with several psychological disorders to include, but not limited to: Post Traumatic Stress Disorder, Depression, Anxiety and Personality Disorders with an extensive history of suicidality and serious self-injury requiring one hundred-twentysix (126) emergency hospital admissions at 26 different hospitals across Virginia since 2004

31.) Plaintiff has filed a "Request for reasonable accommodations" multiple times: Nov. 23, 2020, April 8, 2021, May 12, 2021 (attached) exhibit 6-8

32.) On May 12, 2021, then ADA Coordinator Mr. Santos met with medical authority, reviewed plaintiff's medical charts, agreeing to grant plaintiff's accommodations request, but none were ever placed except to remove two light bulbs from a five (5) bulb fixture in cell — no other requested VADOC pre-set/approved reasonable accommodations (for visually impaired prisoners) have been met to current day. see Exhibit 4

33.) Plaintiff filed numerous grievances on this issue and spoke weekly to defendants Warden Davis, ADA coordinator Caughron "face to face" complaining of their refusal and was repeatedly told "we believe you can see just fine"... grievances were answered by WRSP grievance office as "Refusing intake" filing with A reason of "request for services", stating ADA accommodations will be met and provided" on 8-12-21 SEE exhibit 5 (and how they again refused and retracted appeal exh 7)

34.) Plaintiff further spoke with defendant Caughron on 9-28-21 complaining again of their blatant discrimination and indifference and he stated Plaintiff needs to see eye doctor because "no requests for accommodations has been received". This was said with A grin sarcastically, since he knows Plaintiff filed several. SEE exhibit 3 and 7

35.) Plaintiff continued to meet with the medical provider, Dr Mullins and on (?) unknown specific date in February and again in March and May 2022 the Doctor ordered for "all ADA accommodations pre approved by Vadoc for the visually impaired to be provided." Also in June

36.) Plaintiff had appointment with optometry in April-May 2022 and noted visual acuity in left eye to have been exacerbated from 20/90 to 20/400 since 2019 evaluation at Pocahontas Corr. Ctr. again seen July 1 2022

37.) Plaintiff has requested from all defendants to coordinate communication with Vadoc headquarters ADA supervisor (Susan Rose Durbin) as Plaintiff has written to her numerous times but receives no responses, however, this was repeatedly denied too. Had family/friends call her too and email defendant Durbin

38.) On feb. 25, 2022 A letter/email from "Rights Behind Bars" Attorney, Oren Nimni, was sent to defendant Davis and other Vadoc Defendants laying out the concerns of the complaints herewith this action (attached) exh. 1 a/b

39.) Plaintiff was denied appropriate housing (i.e., SAM unit/pod) for inmates with mental health/medical disabilities from feb. 2021 through March 2022 until he was assaulted (attempted murder/strangulation) by A BLOODs Gang member on Jan 21, 2022, despite incessant pleas to be appropriately housed or transferred and grievances and inquiries from Rights Behind Bars Attorneys SEE Exh 1/17 a/b

40.) Plaintiff has also been discriminated against by defendants Stallard and McCray by being denied work programs (job assignment) despite numerous attempts and application submittance, being told by these defendants that Plaintiff will not be allowed to have any work assignments while housed in their building because they "don't like the plaintiff and "do not trust" his "type" and because he files "too many grievances".

41.) Plaintiff filed grievances explaining that defendants only allow three (3) workers to perform all work duties (eg. feeders, barber, showerman, sanitation, mentor, recreation, etc.) when Vadoc policy only allows one task/duty to be assigned to each worker with more than ten (10) allotted positions available. Plaintiff was forced to drop complaints or A knife would be found in his cell by

defendants. Also they responded verbally to plaintiff it was because "they're the only three inmates they like and he'd better withdrawal complaints "or else"

42.) Plaintiff grieved that (and complained verbally) OP 841.2, I, Sec. K, #1 states: "Participation in work programs is a factor in an offenders evaluation for goodtime awards and a requirement by Va. Regulations Code of Va. § 53.1-202.3; § 53.1-32.1" and that his annual review of his goodtime evaluation in Nov 2021 set he must meet treatment objectives of "obtain/maintain institutional employment" or it will affect his goodtime and push back his release date as it previously did in 2021 and will in 2022 November again. Plaintiff told "withdrawal or a knife would be found in his cell"

43.) Defendants all at WRSP treat work programs as a "privilege" subject to "discriminatory favoritism" for assignments, rather than VADOC policy and Code of Va Statutes mandatory requirement as part of an inmates "RE-ENTRY" rehabilitation efforts.

44.) Defendant Townsend repeatedly refuses to respond to any of the request to meet with plaintiff and tells him she doesn't have time for him when he sees her passing by.

45.) Defendant Townsend refuses to allow plaintiff adequate colostomy supplies ordered by the Physician Dr. Mullins; repeatedly telling plaintiff he will only receive the amount she provides her nurses to give him forcing him to re-use soiled bags and wafers. She refuses to adhere to ADA reasonable accommodation orders interfering with Dr. Mullins recommendations. She refuses to post ADA notes on plaintiffs door per policy

46.) Plaintiff has grieved and verbally requested adequate mental health treatment for severe long standing suicidality and PTSD, seeking and prescribed weekly therapy sessions for at least one hour performed with a "licensed Professional Counselor" ~~[illegible]~~ recommended by WRSP Psychiatrist ~~Defendant~~ McDuffie; however, WRSP does not employ such skilled staff, merely unlicensed "QMHP-Adult", (Qualified Mental Health Professionals) that are not recognized by Va Dept. of Health Professions as "licensed therapist"; nor does WRSP allow for individual therapy sessions, ~~Plaintiff repeatedly ask defendants~~ for a transfer to facility with treatment options

47.) WRSP only allows "evaluation/risk assessments" of self-harm or potential suicide and, then, "precautionary" measures (i.e., stripped cell) as the full extent of their "outpatient" services, they have no provision for mental health "treatment", except psychotropic prescribed medication.

48.) Plaintiff has spoken with defendant Light numerous times to initiate a mental health referral transfer (to Greensville Mental Health Unit) for residential services and has been denied repeatedly by her "higher ups" (these defendants named in supervisory positions) she says they would have her job. Plaintiff then asked Defendant Townsend for ADA transfer to visually impaired unit at GCC, she refused.

49.) WRSP is A security level five (SL-5) "supermax" Facility housing inmates with the most serious behavioral and management problems (i.e., violent offenders) maintaining the highest level of security by imposing many restrictions, e.g., limited movement, attack K-9 dogs, firearms, little contact between inmates and staff, little recreation — typical routine is A maximum of three (3) hours out-of-cell activity — although Vadoc policy. see Exb. 12a-f for SL-5 facility is A "minimum" of seven (7) hours out of cell time daily

50.) Plaintiff has exhaustingly complained that the harsh restrictions and severe isolation and violent conditions at WRSP has exacerbated his mental illnesses and proximately causing his suicidality and indeed has moved him to attempt suicide at WRSP several times in the past two years &

51.) Plaintiff previously spent over A decade at WRSP's sister facility Red Onion State Prison (ROSP) in long-term solitary confinement "without" any history of violence or assultive behavior due solely to his maladaptive symptoms of PTSD and Depression from such extremes of isolation and sensory overload/deprivation and psychological torture

52.) Plaintiff currently meets all Vadoc criteria for an interim review of his security level which if completed would score him at A level 3 as he hasn't had any institutional disciplinary offenses for more than A year, has completed all required/available programs; however defendants refuse to make available an interim review to accommodate his mental and medical needs at A lower security level facility as Vadoc policy provides.

53.) WRSP cannot accommodate plaintiff's mental health treatment needs and As A result will continue to exacerbate his mental illness and lead to A direct cause of his "imminent suicide" if not treated adequately and properly

54.) Plaintiff has repeatedly expounded on that fact to defendants and they do not care and has told him repeatedly that "it is your choice"

55.) Plaintiff has expressed to defendants their legal and custodial responsibilities to his mental and physical well-being, they respond that "you are responsible for your actions, not us, you are A manipulator"

56.) Defendants blatantly disregard recommendations by WRSP psychiatrist for treatment so as to prevent plaintiff's future attempted suicide/death

57.) WRSP Assistant Warden, F. Russell, told plaintiff he is "not A security level 5 inmate", that he "is more like A level 3" and "needs to be there, not at WRSP", in A face to face meeting Jan, 26, 2022

58) defendant McDuffie ~~[illegible]~~, when asked by plaintiff to recommend A transfer to Greensville mental health unit for appropriate treatment such as professional therapy, etc, responded to plaintiff that he'd have to talk to "some people" (indicating defendants in supervisory positions) first because if he wrote that it would "piss some people off" that had "backed them into A corner to transfer" the plaintiff

59) Defendant Davis, when plaintiff asked him about policy providing for a interim review to transfer him so he could get adequate M.H. Treatment, in light of the email and hard copy letter to defendant Davis from Rights Behind Bars Attorney Oren Nimni, Defendant stated "I don't answer to lawyers... he cc'd it to headquarters (indicating defendants Malone and Madison) and they said the same thing" see exh. 16/b

60) Exhibit 21 a-d is a letter plaintiff wrote to defendant Davis and mailed copies to Defendants Clarke, Robinson, Malone, Durbin, Madison, and hand delivered a copy to defendant Lovell, Light and McDuffie; In essence this was a suicide notice as plaintiff clearly expressed his imminent suicide intent. Each defendant responded similarly by telling plaintiff if he kills himself it will not hurt anyone but him, it is his choice.

61) Defendant McDuffie told plaintiff that defendant Malone has "been putting their ducks in order" in the event he kills himself. He has expressed to plaintiff on several occasions that how each defendant "feels" about the plaintiff "precludes necessary treatment and placement at Greensville Mental Health unit" Plaintiff requested he swear an affidavit to that and he said he'd "answer questions that lawyers ask"

62) That discussion was in regard to law clearly established in a case he was a defendant with also defendant Clarke and Robinson, i.e. "Depaola V. Clarke, 884 F.3d 481"

63) Defendant Madison has written to plaintiff several times affirming his position in Vadoc as the Senior Psych. Assoc of Central Classification has full authority in plaintiff's need

for ADA reasonable accommodations of constitutionally protected rights to equal treatment and providing adequate mental health treatment; however, he acknowledges his Authority, but espouses a secondary role to "not" challenge other defendant's disapproval because he sees this MHU placement as an "opportunity" rather than A mental health "treatment regimen" or "required care" per Vadoc policy, state and federal laws. He blatantly points out repeatedly that misbehavior (regardless if precipitated by mental illness as he's referring to plaintiffs self-injuries/surgeries/cutting/swallowing behaviors) will not be tolerated and "precludes" any placement/transfer to A mental health unit for treatment.

64) Defendant Robinson and Lovell have met with plaintiff on one or more occasions (questionable dates but apprx. once in Nov-Dec 2021 by remote telecom with defendant Davis and Robinson together; and 3-4 occasions between Feb. 2021 and present day with defendant Lovell) specifically on 3-10-21 plaintiff spoke face to face with defendants Davis, Carrico and Lovell complaining of all claims raised herein, even telling them he was suicidal and going to kill himself at WRSP due to inadequate treatment and harsh conditions of lockdown similar to solitary at ROSP that has exacerbated his mental illnesses and caused his PTSD to worsen. They laughed at plaintiff and told him he's tried killing himself hundreds of times and it ain't worked, that he is the "boy that cried wolf".

65) Defendant Clarke met with plaintiff face to face

during his trip to WRSP from Richmond headquarters (appx 4/22) plaintiff briefly complained to him about all claims herein expanding on the subject of ADA and the necessary and urgent need for adequate treatment before plaintiff ends up committing suicide, defendant Clarke acknowledged that "it's true, the surgeons at MCV (hospital) has said you can't have another surgery or it will kill you"; plaintiff requested he do something to ensure he be transferred back to GCC-MHU for treatment and defendant Clarke pointed at defendant Davis and suggested that "there's your warden, talk to him".

66) Plaintiff asked if he remembers the "Depaola" case and if it set a ~~president~~ legally binding precedent in Va. to provide adequate mental healthcare and he told plaintiff "We won that case, you wouldn't be here if you'd stop swallowing stuff you know will kill you"

67) Plaintiff further asked defendant Clarke about the "jpay" email he and defendant Robinson sent to VaDOC entire population concerning new goodtime legislation going into effect July 1 2022, specifically code of Va §53.1-202.3 and §53.1-32.1 that authorizes OP 841.2 (1)(K)(1), (participation in work programs are key factor in inmate goodtime awards), plaintiff told him he's being discriminated against by defendants Stallard, Church and McCray explaining the job denials laid out to (herein paragraphs 40-44) defendants to no avail, plaintiff

voiced concern that he was hired for A job in C-Bldg but defendant Clarke Refused to acknowledge the application and denied plaintiff the position and pay for 30 days of work imposed by C-Bldg supervisors [see exhibits 15(a-e)] Defendant Clarke rudely ignored any further dialogue with plaintiff and walked off.

68) defendant Shepard's involvement other than her official role as A MH Regional supervisor is written in detail on facts set out in exhibits 19(a-e)

69) defendant Moyer answered and responded ignorantly in A deliberately indifferent disregard for truth as he exercized extreme prejudice in his biased assertion that his subordinate employee defendant Shepard was in no way inappropriate and plaintiff's complaints were completely without merit as he wrote on exhibits 19(b-e). He gave no consideration in plaintiff's complaints siding biasedly with defendant Shepard in her word over plaintiff's and nothing else.

70) defendant Moyer has the official responsibility to ensure all prisons in the western region afford/provide all inmates with mental illness with adequate treatment as he's the Mental health clinical supervisor.

71) on 7/1/22 WRSP optometrist saw and evaluated Plaintiff's eye conditioned asserting he has A Neurological degenerate disorder in his only working eye and A minute insufficient vision acuity of 20/400, double the legally blind

baseline of 20/200, again attempting to get defendant Townsend to help plaintiff reasonable accommodation in conjuction with defendant Caughron.

72) Other inmates with partial or legal blindness most are housed at Greensville Correctional Center in A specialized unit designed for visually and hearing impaired and all visually impaired inmates are entitled to specific preapproved reasonable accommodation that aid in their functioning of daily living and aid in not exacerbating their disability without it, to name A few: tinted windows in cell, removal of bulbs, A larger TV with A remote to control color/contrast/brightness and other visual aid functions, A watch/clock that "speaks" the time, magnification devices for TV/books etc., personal inmate aid for mobility/reading/writing assistance, A larger jp6 music/email device, listening devices, special transitional lenses for glasses, etc and not limited thereto, all are already Vadoc approved

73) Plaintiff is receiving none of these, simply 1 bulb removed out of 5, still has 4 bulbs that remain on 24 hrs A day merely dim at night yet still bright enough to read/write by. Defendant Davis and Caughron tells plaintiff he is getting all he need in accommodations and refuse to coordinate A telecom meeting with ADA supervisor defendant Durbin.

74) Defendants Robinson, Malone and Madsen and Davis have personally hindered plaintiff placement of being housed

at GCC visually impaired unit or MHU also next door there, despite plaintiff consistent request.

75) All defendants in various ways have not acted to cure any of the unconstitutional wrongs nor move to provide for plaintiff's Rights under federal statutory Acts as laid out herein.

Claims for Relief

The failure of each defendant playing a significant role in their individual/personal action or inaction and in their official responsibilities to provide for the plaintiffs rights under 29 USC § 794, section 504 of the Rehabilitation Act and 42 USC §12101 et seq. of the Americans with Disabilities Act of reasonable accommodations, his health, safety and equal protection against discrimination entitles the plaintiff to relief; and

The actions and inactions of each defendant for their personal roles and failures in the official duties in forcing the plaintiff to work without pay (defendant Church) and forcing him to reuse unsanitary colostomy bags, denying reasonable accommodations and Doctors orders (defendant Townsend) and adequate mental health treatment being denied knowing the plaintiff's extensive history of mental illness (defendants Clarke, Robinson, Malone, Durbin, Madera, Kirell, Shepard, Moyer, Davis, Corico, Caughron, McDuffie and Light) constitutes deliberate indifference to a serious medical need and cruel and unusual punishment; and violates the 8th amend of the US Constitution

The failure of defendants McCroy, Stallard and Church to provide for state created liberty interest in loss of good time by not providing work program participation violates the 14th amendment of the US const. and against discrimination of the Rehabilitation Act and ADA

All defendants fail to cure these federal const/statute violations

## Relief Requested

WHEREFORE, plaintiff request that this court grant the following relief:

A. Issue a declaratory judgment stating that:

1.) The actions and/or nonactions herein by the defendants violated and continue to violate the plaintiff's rights under state/federal constitutions and statutes

B. Issue an injunction ordering defendants or their agents to:

1.) conduct an interim security/goodtime review reclassifying the plaintiff to an appropriate lower security level and restore goodtime lost

2.) complete a mental health transfer referral for immediate appropriate placement/housing at Greensville Mental Health Unit for long-term residential treatment pursuant to Va Code §8.01-682.1(B)

3.) comply and provide all request for reasonable accommodations approved by the VADOC ADA coordinator at Headquarters for the qualified disabilities of plaintiff and provide for the plaintiff a telecommunication appointment with the ADA coordinator supervisor there immediately to ensure continued accommodations

C. Award compensatory and punitive damages in the following amounts:

1.) $100,000 jointly and severally against defendants for the physical and emotional injuries sustained from plaintiff's suicide attempts and defendants' actions and nonactions laid out herein this complaint and for the punishment, including deprivation of liberty and amenity and cruel and unusual punishment and "continued harm"

D. Allow plaintiff to proceed in forma pauperis, (see motion attached) pursuant to 28 USC §1915

E. Grant such other relief as it may appear that plaintiff is entitled

Plaintiff swears under penalty of perjury, pursuant to Va. Code §8.01-280, that the foregoing is true and correct

July 3, 2022

Respectfully submitted,

Jacob Strouse, #[illegible]

[signature]

W.R.S.P. Po Box 759

Big Stone Gap, Va. 24219

Wallens Ridge State Prison
PO Box 759
Big Stone Gap Va 24219

RECEIVED
JUL 06 2022
MAILROOM

Clerk
United States [
Western Dist
Roanoke Divi
210 Franklin
Roanoke, Va,

US POSTAGE PITNEY BOWES
ZIP 24219 $ 003.36⁰
02 4W
0000369381 JUL 06 2022

strict Court
ct of Virginia
on
Rd. Rm 540
24011