IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JACOB ALAN SHOUSE, )  <br>     Plaintiff, ) | Civil Action No. 7:22-cv-00390 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| HAROLD CLARKE, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Jacob Alan Shouse, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act. Shouse asserts, among other claims, that he is being denied appropriate housing and mental health treatment at Wallens Ridge State Prison ("WRSP"). On September 23, 2022, Shouse filed a motion for a preliminary injunction requiring that he be transferred to the mental health unit at Greensville Correctional Center ("GCC"). ECF No. 18. The court directed defendant Melvin Davis, the Warden of WRSP, to respond to Shouse's motion. Warden Davis has filed a response to the motion, along with affidavits from J. Stallard, the Unit Manager of A Building at WRSP, and Susann Light, the Psychology Associate Senior at WRSP. ECF No. 25. For the reasons discussed herein, Shouse's motion for a preliminary injunction will be denied.

### I. BACKGROUND

Shouse's complaint alleges that he has been diagnosed with "several psychological disorders" and that he has "an extensive history of suicidality and serious self-injury." Compl., ECF No. 1, at ¶ 30. He claims that he is being "denied appropriate housing . . . for inmates with mental health/medical disabilities." Id. ¶ 38. He also claims that "WRSP cannot

accommodate [his] mental health treatment needs" and that prison officials have refused to transfer him to the mental health unit at GCC, where he could receive necessary "residential services." Id. ¶¶ 48, 53.

In his motion for a preliminary injunction, Shouse alleges that Dr. McDuffie, his "acting psychiatrist," directed defendant Susann Light to submit a mental health unit transfer referral to GCC, but that defendant Eric Madsen "denied the referral" in July 2022. Mot. Prelim. Inj., ECF No. 18, at ¶ 6. Shouse further alleges that he has "yet to receive any treatment/therapy for [his] mental illness" and that the defendants are aware that WRSP does not provide the level of mental health services that he requires. Id. ¶¶ 13–14. Shouse also alleges that prison officials have a history of failing to protect the safety of inmates with mental illnesses and that a neighboring inmate, Cecil Hamilton, has threatened to attack him with a knife. Addendum to Mot. Prelim. Inj., ECF No. 19, at ¶¶ 5–6. He requests that the court require the defendants to transfer him to the mental health unit at GCC. Mot. for Prelim. Inj. ¶ 27.

Warden Davis's response provides additional information regarding Shouse's confinement at WRSP and the mental health services available to him. The attached affidavit from Susann Light indicates that Shouse has been housed in the Shared Allied Management ("SAM") Pod since March 2, 2022, where he "can request to see mental health staff via a request form or by asking security officers to arrange for him to speak with mental health [staff]." Light Aff., ECF No. 25-2, at ¶ 4. According to Light, "[e]very attempt to provide mental health services to Mr. Shouse is met with Shouse stating that staff is not qualified to treat him because he claims that staff does not have appropriate licenses to provide him with

treatment—which is false." Id. ¶ 5. For instance, "[m]ental health staff attempted to meet with Shouse on September 28, 2022 and he refused to participate in treatment, stating that the responding mental health staff member could not provide him with appropriate services." Id. Light's affidavit also indicates that Shouse is regularly seen by Dr. McDuffie, a licensed psychiatrist, and that he is currently prescribed Clonidine and Atarax. Id. ¶ 6. Although Light acknowledges that mental health staff at WRSP previously referred Shouse to the mental health unit at GCC, she explains that GCC's mental health staff ultimately declined to accept the referral. Id. ¶ 7. Light also emphasizes that Shouse "continues to have access to mental treatment [at WRSP] on a daily basis" and that additional mental health services will be promptly provided to Shouse should he choose to participate in such services. Id.

The affidavit from J. Stallard addresses Shouse's concerns regarding inmate Hamilton. According to the affidavit, Shouse and Hamilton have not been housed in the same pod since Shouse filed an informal complaint alleging that Hamilton had threatened to attack him. Stallard Aff., ECF No. 25-1, at ¶ 9. The affidavit indicates that, "out of an abundance of caution, WRSP will work to continue to ensure that Shouse and Hamilton are not housed together and do not have access to one another at WRSP." Id. ¶ 10.

## II. DISCUSSION

A preliminary injunction is an "extraordinary" remedy that courts should grant "only sparingly and in limited circumstances." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991) (internal quotation marks omitted). A plaintiff seeking a preliminary injunction must make a "clear showing" that he is entitled to such relief. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). Specifically, the plaintiff "must

establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Id. at 20. A preliminary injunction cannot be issued unless all four requirements are satisfied. Pashby v. Delia, 709 F.3d 307, 320 (4th Cir. 2013).

Upon review of the record, the court concludes that Shouse has not met his burden of establishing his entitlement to the requested preliminary injunction. Among other deficiencies, Shouse has not established that he is likely to suffer "actual and imminent" irreparable harm in the absence of the requested relief. Direx Israel, Ltd., 952 F.2d at 812 (internal quotation marks omitted); see also Winter, 555 U.S. at 22 ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction."). The sworn statements from Light and Stallard indicate that Shouse is regularly seen by a licensed psychiatrist at WRSP, that he has daily access to other mental health services, and that prison officials will continue to ensure that he is housed separately from inmate Hamilton. While Shouse may disagree with the treatment decisions made by mental health professionals or believe that he would receive better care at GCC, he has not clearly shown that he is likely to suffer imminent injury in the absence of a preliminary injunction.

Additionally, to the extent Shouse seeks to be transferred to GCC, he has no constitutional right to be housed in any particular correctional facility. Meachum v. Fano, 427 U.S. 215, 224–225 (1976). Moreover, "the decision about where to house any particular inmate is generally committed to the discretion of the state's prison officials, and a federal court must show deference to such decisions." Ofori v. Fleming, No. 7:20-cv-00344, 2021 WL 4527248,

4

2021 U.S. Dist. LEXIS 190922, at *7 (W.D. Va. Oct. 4, 2021) (citing Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980)). Here, the record reflects that GCC's mental health staff expressly declined to accept Shouse into the facility's mental health unit. Shouse has not shown that the public interest would be served by interfering with that decision. Thus, a preliminary injunction requiring the defendants to transfer him to GCC is not appropriate at this time. See Taylor v. Freeman, 34 F.3d 266, 274 n.7 (4th Cir. 1994) (noting, in vacating a preliminary injunction, that the district court failed to adequately account for "the degree to which the public interest is disserved when federal courts assume the role of state prison administrators").

### III.  CONCLUSION

For these reasons, it is hereby **ORDERED** that Shouse's motion for a preliminary injunction, ECF No. 18, is **DENIED**. The Clerk is directed to send a copy of this memorandum opinion and order to the parties.

It is so **ORDERED**.

Entered: October 28, 2022

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2022.10.28 10:52:00 -04'00'

Michael F. Urbanski
Chief United States District Judge