IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JACOB ALAN SHOUSE,                )  | |
|     Plaintiff,                              )  | Civil Action No. 7:22-cv-00390 |
|                                                   )  | |
| v.                                                   )  | |
|                                                   )  | By: Michael F. Urbanski |
| HAROLD CLARKE, et al.,          )  | Chief United States District Judge |
|     Defendants.                        )  | |

## ORDER

Jacob Alan Shouse, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act. At the time the action was filed, Shouse was incarcerated at Wallens Ridge State Prison. He asserted that he was not receiving adequate mental health treatment at Wallens Ridge and he filed a motion for preliminary injunction seeking to be transferred to the mental health unit at another correctional facility. The court directed the Warden of Wallens Ridge to respond to Shouse's motion. Based on the evidence presented, the court denied the motion for preliminary injunction. Shouse subsequently filed a motion to strike the Warden's response and motions for reconsideration or alternative relief, in which he again sought to be transferred from Wallens Ridge. For the following reasons, the motions are **DENIED**.

Rule 54(b) of the Federal Rules of Civil Procedure permits a court to revise an interlocutory order any time prior to final judgment. U.S. Tobacco Coop. Inc. v. Big South Wholesale of Va., LLC, 899 F.3d 236, 256 (4th Cir. 2018). "Nevertheless, the discretion afforded by Rule 54(b) is not limitless," and the United States Court of Appeals for the Fourth Circuit has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of

the case." Id. at 256–57 (internal quotation marks and citation omitted). "Accordingly, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Id. (internal quotation marks and citation omitted).

Applying these principles, the court concludes that Shouse is not entitled to relief under Rule 54(b). He has not identified any change in controlling law or clear error that would warrant reconsideration of the court's previous order denying his request for preliminary injunctive relief. Additionally, the record reflects that Shouse is no longer incarcerated at Wallens Ridge. On April 27, 2023, the court received a notice indicating that Shouse had been transferred to River North Correctional Center. Generally, a "prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) (citing Incumaa v. Ozmint, 507 F.3d 281, 286–87 (4th Cir. 2007)).

For these reasons, Shouse's motion to strike the Warden's response to his motion for preliminary injunction, ECF No. 33, and his motions for reconsideration or alternative relief, ECF Nos. 35 and 36, are **DENIED**.

The Clerk shall send a copy of this order to the parties.

It is so **ORDERED**.

Entered: May 15, 2023

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2023.05.15 15:43:01 -04'00'

Michael F. Urbanski
Chief United States District Judge