IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

JACOB ALLAN SHOUSE,

    Plaintiff,

v.     Case No. 7:22-cv-00390

CLARKE, *et al*.,

    Defendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO SEVER

J. Carico, Ms. Church, Harold Clarke, Mr. Coughron, Melvin Davis, Rose Durbin, S. Light, Ally Lovell, Eric Madsen, Denise Malone, Everette McDuffie, M. Moyer, David Robinson, Haley Shepard, and Ms. Townsend ("Defendants"), by counsel, hereby move to dismiss, or in the alternative, to sever, the Plaintiff's Amended Complaint (ECF No. 46) that has been filed in this action. Defendants state the following in support thereof.

### Introduction

Plaintiff, Jacob Shouse ("Plaintiff" or "Shouse"), is an inmate within the lawful custody of the Virginia Department of Corrections ("VDOC"). Proceeding *pro se*, Shouse initially filed this action in July 2022. (*See* ECF No. 1.) In Shouse's initial Complaint, it appeared that he was attempting to bring claims under 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act. (*See id*., at 4.) Specifically, the initial Complaint appeared to allege that Shouse's constitutional and civil rights were being violated because he was not being given unspecified accommodation(s), that he has been denied appropriate housing, and that he had been denied unidentified job assignments. (*Id*. at 8-9.) However, given the confusing nature of

Shouse's initial Complaint, the Defendants filed a Motion for a More Definite Statement, which the Court granted. (ECF No. 40.) The Court ordered the Plaintiff to file an Amended Complaint that included "(1) include factual allegations specific to each of the defendants; (2) clearly list and number the claims for which relief is sought; and (3) clearly identify which defendants are named as to each claim." (*Id*. at 4.)

Plaintiff has now filed an Amended Complaint in this action. (ECF No. 46.) However, the Plaintiff has not followed the Court's directive to include specific factual allegations against each of the Defendants, to clearly list and number the Plaintiff's claims, and to clearly identify which Defendants are named as to each claim. To the contrary, the Plaintiff's Amended Complaint is largely incoherent. For this reason alone, the Plaintiff's Amended Complaint should be dismissed.

Further, from what the Defendants are able to decipher from the Plaintiff's Amended Complaint, it is clear that the Plaintiff's claims and the Defendants he has named are misjoined in violation of Federal Rule of Civil Procedure 20 and the Prison Litigation Reform Act. Accordingly, should the Court decline to dismiss the Plaintiff's Amended Complaint outright, in the alternative, the Defendants respectfully request that the Court dismiss all claims and Defendants improperly joined with the Plaintiff's Claim One as articulated in his "Claims for Relief."

**Argument**

I. **The Amended Complaint should be dismissed because it fails to cure the defects of the Plaintiff's initial Complaint.**

The Defendants aver that they are unable to adequately defend against the Plaintiff's Amended Complaint as it has been pled.[1] As stated, the Plaintiff has not followed the Court's

---

[1] The undersigned notes that she has attempted to thoroughly read the Plaintiff's Amended Complaint but that she cannot decipher much of the Amended Complaint, particularly the pages

directive to include specific factual allegations against each of the individually named Defendants, to clearly list and number the Plaintiff's claims, and to clearly identify which Defendants are named as to each claim. In fact, several of the pages that the Plaintiff has filed in his Amended Complaint appear to be pages taken directly from his initial Complaint which the Court directed him to amend. (*See* ECF No. 1, at 5-8 *compare* ECF No. 46, at 10.) In these pages, the Plaintiff refers to the "Defendants" collectively, despite the Court informing the Plaintiff that such collective pleading is inappropriate. (ECF No. 40.) And, again, although it is clear that the Plaintiff continues to allege that he has been denied accommodations for his alleged disability, the Plaintiff does not clearly articulate what accommodations he has been denied in his Amended Complaint. Further still, the Plaintiff cites to numerous "exhibits" in his Amended Complaint that he has not attached to the complaint. (*See* ECF No. 46, at 1-5.)

At this juncture, given the Plaintiff's incoherent Amended Complaint, the Defendants are still unable to decipher the Plaintiff's claims and the specific facts supporting those claims against them, and thus cannot adequately defend against this action. Because the Plaintiff has failed to follow the Court's Order directing him to file a clear Amended Complaint, the Defendants respectfully request that the Court dismiss the Plaintiff's Amended Complaint in its entirety. *See Taylor v. Manis*, W.D. Va. No. 7:19-CV-00866, 2021 WL 4129593, at *3 (W.D. Va. Sept. 9, 2021) (dismissing *pro se* Plaintiff's Second Amended Complaint because the Plaintiff "wholly failed to abide by the court's instructions as to how his second amended complaint must present his claims. Instead, it still suffers from the same ambiguities as his amended complaint.") *aff'd,* 4th Cir. No. 21-7442, 2022 WL 604058 (4th Cir. Mar. 1, 2022).

---

numbered 7, 8, 9, and 10.

**II.     The Plaintiff's claims are misjoined in violation of Rule 20 and the PLRA.**

As stated, it is the Defendants' position that the Plaintiff has failed to comply with the Court's directive to clearly articulate his claims for relief against the individual Defendants, and therefore, the Court should dismiss the Plaintiff's Amended Complaint on this basis alone. However, should the Court decline to dismiss the Plaintiff's Amended Complaint, in the alternative, the Defendants request that the Court dismiss all claims and Defendants improperly joined with the Plaintiff's Claim One as articulated in his "Claims for Relief."[2] From what the Defendants are able to decipher, it is clear that the Plaintiff's claims and the Defendants that the Plaintiff has named are misjoiend in this case in violation of Federal Rule of Civil Procedure 20 and the Prison Litigation Reform Act ("PLRA").

In the Plaintiff's Amended Complaint, the Plaintiff brings the following "Claims for Relief":[3]

**Claim One:**   "[F]or defendants Artrip, Santos to subjectively and strategically house inmates (esp. SMI classified) in GP for 20/21 plus hours a day in their cells in spite of a policy requiring a (minimum) of 7 ho[ours] (SL-5) out of cell activities during normal operations and subjectively and strategically combining all out of cell time between 2 tiers to manipulate records/documentation falsely and malicious violates the 8th Amend of the U.S. Const. against cruel and unusual punishment." (*Id*. at 20.)

**Claim Two:**   "[F]or Defendant Madsen to hold the official position responsible for the housing/classification assignments in and out of mental health units and to not comply or [] any effort to satisfy a Psychiatrist's order/recommendations to transfer Plaintiff to a facility (GRCC-MHU) that can accommodate one-on-one therapy for PTSH treatment violates the 8th Amend. Of the US Const. and the ADA/Rehan Act and 14th Amend. of the U.S. Const. Also defendant Malone, Clarke/Dotson, Robinson, Mayer, and Shepard and Lovell are culpable/liable in their official capacity aforementioned case of actions and relief." (*Id*.)

---

[2] For clarity, the undersigned as labeled the Plaintiff's claims as Claim One through Claim Eleven.

[3] The undersigned has attempted to recite the Plaintiff's "Claims for Relief" verbatim.

4

**Claim Three:** "[F]or Defendant Lovell to interfere with my SAM unit classification by demanding my removal in order to be transferred to GP knowing my risk and MH code and suicidal history and medical disabilities and overall vulnerability violates the 8th Amend. of the U.S. Const. of cruel & unusual punishment in which the relief is sought[.]" (*Id*. at 20-21.)

**Claim Four:** "In the failures and action/inactions stated in the complaint by not providing adequate mental health treatment recommended by a Psychiatrist that complies with the ADA 42 USC § 12101 et seq. and 29 USC § 794 sec 504 of the Rehab Act and the 14th and 8th Amend. of the US Const. was violated by subjective and objective standards by defendants Clarke, Dotson, D. Robinson, Malone, Durbin, Madsen, Lovell, Shepard, Moyer, Davis, Artrip, Carico, Coughron, Townsend, Santos, Light, Stallard, Anderson, Bateman, Hamm, Haynes, Roop, Rosas, Ab[ner], Spangler, Sturdivant[.]"[4] (*Id*. at 21.)

**Claim Five:** "[F]or violation of state tort of assault (COV § 18.2-57) relief is sought against C/Os Caudill,[5] Caudwell,[6] and John Doe[.]" (*Id*.)

**Claim Six:** "[F]or denying requested ADA accommodations in relation to the plaintiffs visual disability defendants Hamm, Santos, Coughron, Artrip, Davis, Stallard, D. Robinson, Clarke, Dotson, Durbin, Carico, Townsend, Hawks,[7] Robinson, Taylor, Rippey,[8] Bateman, Anderson[9] have violated the ADA, Rehab Act and 8th & 14th Amendments of the US Const." (*Id*.)

**Claim Seven:** "[F]or forcing the Plaintiff to reuse soiled colostomy bags and go without any colostomy supplies and have exposed stoma, defendants Townsend, Taylor, Hawkins, Robinson, and Rippey violated the ADA, Rehab Act and 14th & 8th Amend. of the US Const." (*Id*.)

---

[4] Dotson, Spangler, and Sturdivant are not currently defendants in this action.

[5] Caudill is not currently a defendant in this action.

[6] Caudwell is not currently a defendant in this action.

[7] Hawks is not currently a defendant in this action.

[8] Rippey is not currently a defendant in this action.

[9] Anderson is not currently a defendant in this action.

5

**Claim Eight:** "[F]or defendants Clarke/Dotson, D. Robinson, Davis/Artrip, Anderson, Bateman, Lovell, Madsen, Carico, Santos, Stallard, Church, McCray, Light, McDuffie, Madsen, Malone, Shepard, and Mayer to purposely deny and their failure to safely house plaintiff in accordance with ADA/Rehab Act [VADOC] policy commiserate to his medical/mental health needs and purposely exposing him to threats/assaults of known gang members 'hits' violate the ADA/Rehab Act and 8th & 14th Amend of the US Const." (*Id*. at 22-23.)

**Claim Nine:** "The failure of custodial defendants Dotson/Clarke, Anderson, Artrip, Davis, is playing a significant role in their individual/personal action or inaction and in their official responsibilities to provide for the plaintiffs rights under 29 USC § 794, section 504 of the Rehabilitation Act and 42 USC § 12101 et seq. of the Americans with Disabilities Act of reasonable accommodations, his health, safety, and equal protection against discrimination entitles the plaintiff to relief[.]" (*Id*. at 23.)

**Claim Ten:** "The actions and inactions of defendants for their personal roles and failures in the official duties in forcing the plaintiff to work without pay (defendants Santos, Church) and forcing him to work without pay . . . . constitutes deliberate indifference to a serious medical need and cruel and unusual punishment, and violates the 8th amend. of the US Constitution[.]"[10] (*Id*.)

**Claim Eleven**: "The failure of defendants McCroy, Stallard, and Church, Santos to provide for state created liberty interest in loss of good time by not providing work program participation violates the 14th amendment of the US const. and against discrimination of the Rehabilitation Act and ADA." (*Id*.)

To the extent that the Plaintiff seeks to bring all these aforementioned claims in this one lawsuit, this is clearly in violation of the Federal Rules of Civil Procedure and the PLRA. While Rule 21 is silent on how to determine misjoinder, courts have uniformly held that parties are misjoined when they fail to meet the standard for permissive joinder set out in Federal Rule of

---

[10] Plaintiff includes additional allegations in this paragraph related to his mental health and about allegedly being forced to reuse colostomy bags. (*See* ECF No. 46, at 23.) However, the Plaintiff's allegations about his mental health and the colostomy bags are already detailed herein in Claims Four and Seven.

6

Civil Procedure 20(a). *Hanna v. Gravett*, 262 F. Supp. 2d 643, 647 (E.D. Va. 2003) (collecting cases). Rule 20(a) says that persons may be joined as defendants in one action if they satisfy two conditions: First, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). And second, "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(B). Rule 20 does not authorize a plaintiff to add claims "against different parties [that] present[ ] entirely different factual and legal issues." *Sykes v. Bayer Pharms. Corp.,* 548 F.Supp.2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee,* No. 7:03cv00395, 2007 U.S. Dist. LEXIS 77890, 2007 WL 3069660, *1 (W.D. Va. Oct.21, 2007)). And, although the Plaintiff is proceeding *pro se*, this "does not constitute a license for [him] to ignore the Federal Rules of Civil Procedure." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (citation omitted).

Further, Congress enacted the PLRA with the intent that prisoners pay filing fees without regard to their financial status, although they may pay the fees in installments. *See* 28 U.S.C. § 1915(b); *Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006) (explaining that Congress enacted the PLRA with the intent that inmates pay filing fees, contrary to the PLRA's precursor statute). Therefore, where an inmate stuffs his complaint with misjoined claims and defendants, he circumvents Congressional intent via the PLRA.

Here, in the Plaintiff's Claim One as stated in his "Claims for Relief," the Plaintiff brings claim(s) against Defendants Artrip and Santos for, apparently, not providing the Plaintiff with adequate out of cell recreation time. (ECF No. 46, at 20.) In his Claim Two, the Plaintiff brings claim(s) against Defendants Madsen, Malone, Clarke/Dotson, Robinson, Mayer, and Shepard and Lovell, for, it appears, not transferring the Plaintiff to Greensville Correctional Center. (*Id.*)

Further still, in Claim Five, the Plaintiff brings assault claims against two Correctional Officers who have not yet been served in this action. (*Id*. at 21.) Plaintiff's Claims One, Two, and Five are brought against separate Defendants and clearly do not have any question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2)(B). And likewise, Plaintiff's other eight claims appear to also bring unique set of facts and claims against specific, and often uncommon, Defendants.

In all, it is clear that the Plaintiff is attempting to bring as many misjoined claims and Defendants in this action as possible. But allowing Plaintiff's Amended Complaint to proceed as is would mean excusing compliance with Rule 20 and circumventing the PLRA's filing fee and Three-Strikes provisions—particularly since at least one of the Plaintiff's lawsuits could be considered a strike under the PLRA. Accordingly, should the Court decline to dismiss the Plaintiff's Amended Complaint outright, in the alternative, the Defendants respectfully request that the Court dismiss all claims and Defendants improperly joined with the Plaintiff's Claim One as articulated in his "Claims for Relief."

## Conclusion

The Plaintiff has not followed the Court's directive to include specific factual allegations against each of the Defendants, to clearly list and number the Plaintiff's claims, and to clearly identify which Defendants are named as to each claim. To the contrary, the Plaintiff's Amended Complaint is incoherent. For this reason alone, the Plaintiff's Amended Complaint should be dismissed.

Further, from what the Defendants are able to decipher from the Plaintiff's Amended Complaint, it is clear that the Plaintiff's claims and the Defendants that the Plaintiff has named are misjoined in violation of Federal Rules of Civil Procedure and the PLRA. Accordingly, should

the Court decline to dismiss the Plaintiff's Amended Complaint outright, in the alternative, the Defendants respectfully request that the Court dismiss all claims and Defendants improperly joined with the Plaintiff's Claim One as articulated in his "Claims for Relief."

    Respectfully submitted,

    CARICO, ET AL, DEFENDANTS.

    By:   /s/ Ann-Marie White Rene
    Ann-Marie White, AAG, VSB#91166
    Office of the Attorney General
    Criminal Justice & Public Safety Division
    202 North 9th Street
    Richmond, Virginia 23219
    (804) 371-2084
    (804) 786-4239 (Fax)
    Email: arene@oag.state.va.us

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 13th day of November, 2023, a true copy of the foregoing was mailed, postage prepaid, to the *pro se* Plaintiff, Jacob Allan Shouse, No. 1101441 VDOC Centralized Mail Dist. Cntr., 3521 Woods Way, State Farm, VA 23160

    /s/Ann-Marie White Rene
    Assistant Attorney General