CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 09, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JACOB SHOUSE, ) | |
|    Plaintiff, ) | Civil Action No. 7:22-cv-00390 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| HAROLD CLARKE, et al., ) | Senior United States District Judge |
|    Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Jacob Shouse, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, the Rehabilitation Act, and the Americans with Disabilities Act (ADA) against various individuals employed by the Virginia Department of Corrections. In response to the original complaint, the defendants filed a motion for more definite statement under Federal Rule of Civil Procedure 12(e). That motion was granted and Shouse was directed to file an amended complaint. The amended complaint names more than 30 defendants and includes multiple claims stemming from events that allegedly occurred during a two-year period at Wallens Ridge State Prison (WRSP) and River North Correctional Center (RNCC). See Am. Compl., ECF No. 46.

Pending before the court and discussed herein are a motion to sever or, in the alternative, motion to dismiss filed by 15 defendants represented by the Office of the Attorney General of Virginia, ECF No. 50, and Shouse's motions to amend the operative pleading to include additional defendants and claims, ECF Nos. 47 and 48. For the reasons set forth below, the defendants' motion to sever is **GRANTED**, and Shouse's motions are **DENIED** without prejudice.

## I. Severance

In a section of the amended complaint titled "Claims for Relief," Shouse lists 11 claims or groups of claims. The claims are summarized as follows:

**Claim One**: Defendants Artrip and Santos violated the Eighth Amendment by depriving Shouse and other inmates of adequate out-of-cell time while incarcerated in general population at WRSP.

**Claim Two**: Defendants Madsen, Malone, Clarke, Dotson, Robinson, Moyer, Shepard, and Lovell violated the Eighth Amendment, the Rehabilitation Act, and the ADA by failing to transfer Shouse to a facility that could accommodate his need for one-on-one therapy for post-traumatic stress disorder (PTSD).

**Claim Three**: Defendant Lovell violated the Eighth Amendment by removing Shouse from the Shared Allied Management (SAM) unit at WRSP, despite having knowledge of his history of severe mental illness.

**Claim Four**: Defendants Clarke, Dotson, D. Robinson, Malone, Durbin, Madsen, Lovell, Shepard, Moyer, Davis, Artrip, Carico, Coughron, Townsend, Santos, Light, Stallard, Anderson, Bateman, Hamm, Haynes, Roop, Rosas, Abner, Spangler, and Sturdivant violated the Eighth Amendment, the Fourteenth Amendment, the Rehabilitation Act, and the ADA by failing to provide "adequate mental health treatment recommended by a psychiatrist."

**Claim Five**: Defendants Caudill, Caudwell, and John Doe used excessive force in violation of the Eighth Amendment and committed assault at WRSP on October 2, 2023, by slamming Shouse into a wall, forcing him onto his knees, and slamming him onto the floor with his hands cuffed behind his back.

**Claim Six**: Defendants Hamm, Santos, Coughron, Artrip, Davis, Stallard, D. Robinson, Clarke, Dotson, Durbin, Carico, Townsend, Hawks, Robinson, Taylor, Rippey, Bateman, and Anderson violated the Eighth Amendment, the Rehabilitation Act, and the ADA by denying accommodations requested for Shouse's visual disability.

**Claim Seven**: Defendants Townsend, Taylor, Hawks, Robinson, and Rippey violated the Eighth Amendment, the Fourteenth Amendment, the Rehabilitation Act, and the ADA by forcing Shouse to "reuse soiled colostomy bags and go without any colostomy supplies" at RNCC.

    **Claim Eight**: Defendants Clarke, Dotson, D. Robinson, Davis, Artrip, Anderson, Bateman, Lovell, Madsen, Carico, Santos, Stallard, Church, McCray, Light, McDuffie, Malone, Shepard, and Moyer violated the Eighth Amendment, the Fourteenth Amendment, the Rehabilitation Act, and the ADA by failing to house Shouse in a SAM unit or other mental health unit and instead "exposing him to threats/assaults [by] known gang members."

    **Claim Nine**: Defendants Dotson, Clarke, Anderson, Artrip, and Davis violated the Rehabilitation Act and the ADA by failing to provide reasonable accommodations for Shouse's disabilities, and by failing to protect him from disability discrimination.

    **Claim Ten**: Defendants Santos and Church violated the Eighth Amendment by forcing Shouse to work without pay.

    **Claim Eleven**: Defendants McCroy, Stallard, Santos, and Church violated Shouse's rights under the Fourteenth Amendment, the Rehabilitation Act, and the ADA by "not providing work program participation," which resulted in a "loss of good time."

Compl. 20–23; see also id. at 18 (detailing the use of force at issue in Claim Five).

    Having reviewed the amended complaint, the court concludes that it contains misjoined claims and defendants. See Fed. R. Civ. P. 18, 20. A plaintiff may join defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A). "Under Rule 20, reasonably related claims may be tried together." Sykes v. Bayer Pharms. Corp., 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (internal quotation marks omitted). However, "Rule 20 does not authorize a plaintiff to add claims against different parties that present entirely different factual and legal issues." Id. (internal quotation marks and brackets omitted).

Moreover, given the number of issues and defendants, allowing all of Shouse's claims to proceed in a single action would be unwieldy, inefficient, and potentially prejudicial to both sides, and it would effectively allow Shouse to circumvent the requirements of the Prisoner Litigation Reform Act (PLRA). "Congress enacted the PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." Charron v. Allen, 37 F.4th 483, 486 (8th Cir. 2022) (internal quotation marks omitted). Courts have emphasized that "unrelated claims against different defendants belong in separate lawsuits, not only 'to prevent the sort of morass' produced by multi-claim, multi-defendant suits . . . , but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act." Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).

Although "[m]isjoinder of parties is not a ground for dismissing an action," a district court "may at any time, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. Under Rule 21, district courts have "virtually unfettered discretion in determining whether or not severance is appropriate." 17th St. Assocs., LLP v. Markel Int'l Ins. Co., 373 F. Supp. 2d 584, 598 n.9 (E.D. Va. 2005) (internal quotation marks omitted); see also Spencer, White & Prentis, Inc. v. Pfizer, Inc., 498 F.2d 358, 361 (2d Cir. 1974) (recognizing that "justification for severance is not confined to misjoinder of parties"). Prisoner complaints that contain a hodgepodge of allegations against multiple defendants "should be rejected, either by severing the action into separate lawsuits or by dismissing improperly joined defendants." Owens, 635 F.3d at 952 (noting that the options provided in

4

Rule 21 should have been utilized in a case involving seven claims (some with subparts) against 15 defendants).

As reflected in the summary of claims set forth above, Shouse's amended complaint involves so many different claims and defendants that it would not be appropriate to allow all of the claims to proceed in a single action. Accordingly, the court will exercise its discretion to sever claims into separate actions, in order to ensure that the claims can be addressed in an efficient and orderly fashion. To the extent that defendants have requested severance, their motion will be granted. The present case, 7:22-cv-00390, will consist solely of Claim One in the amended complaint, in which Shouse asserts that defendants Artrip and Santos violated the Eighth Amendment by depriving him and other inmates of adequate out-of-cell time while housed in general population at WRSP. The other claims asserted in the amended complaint will be severed into separate lawsuits, with reasonably related claims grouped together in the same action. Along with a copy of this memorandum opinion and order, Shouse's amended complaint, ECF No. 46, shall be filed as the opening document in each of the new cases. The new cases will be conditionally filed, and Shouse will be required to consent to payment of a filing fee in each case, as he has done in this action. If Shouse does not wish to proceed with a particular case, he may decline to consent to payment of the filing fee or file a motion for voluntary dismissal without prejudice. The court expresses no opinion at this time as to whether Shouse has stated a plausible claim for relief against any of the defendants. The claims in each new case will be evaluated after Shouse returns the consent form.

## II.  Motions to Amend

In light of the court's decision on the motion to sever, the court will deny without prejudice Shouse's motions to amend the operative pleading to include additional claims and defendants. If Shouse wishes to amend his Eighth Amendment claim of inadequate out-of-cell time against defendants Artrip and Santos, he may file a renewed motion to amend in this action, along with a proposed amended complaint (related only to that claim), within 30 days. If Shouse wishes to amend any of the claims severed into new cases, he may separately seek leave to do so.

## III.  Conclusion and Order

For the reasons set forth above, it is hereby **ORDERED** as follows:

1. Shouse's motions to amend, ECF Nos. 47 and 48, are **DENIED** without prejudice.

2. The defendants' motion to sever, ECF No. 49, is **GRANTED**.

3. The claims asserted in the amended complaint are hereby **SEVERED** into separate civil actions for all future proceedings, as described below.

4. The present case, No. 7:22-cv-00390, shall consist solely of Claim One, which alleges that defendants Artrip and Santos violated the Eighth Amendment by depriving Shouse and other inmates of adequate out-of-cell time while incarcerated in general population at WRSP. The Clerk shall terminate all other defendants as parties to this action.

5. In the present case, Shouse may file any renewed motion to amend within 30

      days, along with a proposed second amended complaint. The second amended complaint shall include only the Eighth Amendment claim that is presently asserted against Artrip and Santos in Claim One.

6. The Clerk is directed to conditionally file a copy of the amended complaint, ECF No. 46, in a new and separate civil action that shall include only the following claims: Claims Two, Three, Four, Eight, and Nine, which assert federal constitutional and statutory violations relating to the alleged failure to appropriately treat and accommodate Shouse's mental health issues. This new action shall proceed against the following defendants: Madsen, Malone, Clarke, Dotson, Robinson, Moyer, Shepard, Lovell, D. Robinson,[*] Durbin, Davis, Artrip, Carico, Coughron, Townsend, Santos, Light, Stallard, Anderson, Bateman, Hamm, Haynes, Roop, Rosas, Abner, Spangler, Sturdivant, Church, McCray, and McDuffie.

7. The Clerk is directed to conditionally file a copy of the amended complaint, ECF No. 46, in a new and separate civil action that shall include only Claim Five, which asserts claims arising from the use of force at WRSP on October 2, 2023. This new action shall proceed against the following defendants: Caudill, Caudwell, and John Doe.

8. The Clerk is directed to conditionally file a copy of the amended complaint, ECF No. 46, in a new and separate civil action that shall include only Claim Six,

---

[*] At this stage of the proceedings, the court assumes that "Robinson" and "D. Robinson" are different individuals.

which asserts federal constitutional and statutory violations arising from the alleged failure to accommodate Shouse's visual disability. This new action shall proceed against the following defendants: Hamm, Santos, Coughron, Artrip, Davis, Stallard, D. Robinson, Clarke, Dotson, Durbin, Carico, Townsend, Hawks, Robinson, Taylor, Rippey, Bateman, and Anderson.

9. The Clerk is directed to conditionally file a copy of the amended complaint, ECF No. 46, in a new and separate action that shall include only Claim Seven, which asserts federal constitutional and statutory claims arising from the alleged denial of access to clean colostomy bags and other colostomy supplies while incarcerated at RNCC. This new civil action shall proceed against the following defendants: Townsend, Taylor, Hawks, Robinson, and Rippey.

10. The Clerk is directed to conditionally file a copy of the amended complaint, ECF No. 46, in a new and separate action that shall include only Claims Ten and Eleven, which assert work-related constitutional and statutory claims. This new civil action shall proceed against the following defendants: Santos, Church, McCroy, and Stallard.

11. In each of the five new civil actions, the Clerk shall file a copy of this memorandum opinion and order as an attachment to the complaint. The Clerk shall also docket a copy of the prisoner trust account and statement of assets filed in this case, ECF No. 4.

12. Each of the new cases will be conditionally filed, and a separate conditional

      filing order will be entered in each case. Consistent with those orders, Shouse will be required to consent to the collection of the filing fee in each case through installment payments from his inmate trust account. The amount of the required initial payment will be the same in the new cases as it was in this case: $61.62. Failure to return an executed consent form within the time period set forth in the conditional filing order will result in the dismissal of that case without prejudice.

13.    Shouse is advised that he should carefully consider which cases and claims to pursue. If he elects to proceed with a case and the claims asserted in that case are later dismissed as frivolous or for failure to state a claim, that dismissal will likely count as a "strike" under the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). <u>See</u> Lomax v. Ortiz-Marquez, 590 U.S. 595, 597 (2020) (concluding that "any dismissal for failure to state a claim, whether with prejudice or without," counts as a strike under § 1915(g)).

14.    The Clerk is directed to send a copy of this memorandum opinion and order to Shouse, along with a copy of the docket sheet in each case.

It is so **ORDERED**.

                                  Entered: August 9, 2024

                                  Mike Urbanski
                                  Senior U.S. District Judge
                                  2024.08.09 12:35:33 -04'00'

                              Michael F. Urbanski
                              Senior United States District Judge